NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

25-P-115

A.R.

vs.

D.B.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The defendant, D.B., appeals from an order of a District Court judge extending a harassment prevention order pursuant to G. L. c. 258E.  We affirm.

We briefly recite the procedural background to elucidate what is before us on this appeal.  An ex parte order issued on February 1, 2024.  Following a two-party hearing where both parties appeared, an order issued on February 14, 2024 (initial order).  The defendant did not file a timely notice of appeal from that initial order.  On August 16, 2024, following a second hearing where both parties appeared, an order issued extending the initial order (extension order).  The defendant filed a notice of appeal on September 9, 2024, purporting to appeal from

the extension order as well as "all subsidiary findings, orders, and rulings."

Despite the broad language invoked by the notice of appeal, at issue in this case is only an appeal from the extension order (August 16, 2024) because the defendant never appealed from the initial order (February 14, 2024) that followed a two-party hearing in which the defendant participated. In other words, we do not address the propriety of the ex parte order (February 1, 2024) or the initial order (February 14, 2024). See Danny D. v. Eli E., 102 Mass. App. Ct. 901, 902 n.7 (2023) (appeal from extension order after two party hearing "raises no question of the propriety of the original harassment prevention orders"); Tom T. v. Lewis L., 97 Mass. App. Ct. 698, 699 (2020) ("an ex parte order that is extended at a hearing after notice may not be reviewed independently because that ex parte order has been superseded by the order after notice").

With this narrow inquiry in mind, we examine the record to determine whether at the extension hearing on August 16, 2024, the plaintiff established by a preponderance of the evidence that an extension of the order was reasonably necessary to protect the plaintiff from further harassment. See Danny D., 102 Mass. App. Ct. at 901-902. After examining that record, we are satisfied that the plaintiff met her burden. Vera V. v.

2

Seymour S., 98 Mass. App. Ct. 315, 318 (2020) (appellate court reviews extension of abuse prevention order for abuse of discretion or other error of law).  See F.A.P. v. J.E.S., 87 Mass. App. Ct. 595, 602 (2015) ("To determine the norms and procedures applicable to harassment prevention orders issued pursuant to G. L. c. 258E, the Supreme Judicial Court has looked to those applicable to abuse prevention orders issued pursuant to G. L. c. 209A.").

While the plaintiff is not required to relitigate the basis for the original order, see Danny D., 102 Mass. App. Ct. at 902 n.7, we may consider the underlying facts as we infer that the judge found them, in deciding whether the plaintiff met her burden of proof at the later extension hearing.  See id.  See also G.B. v. C.A., 94 Mass. App. Ct. 389, 396 (2018) (despite absence of factual findings, appellate court may discern "a reasonable basis" for order from record).  Those facts showed that during a one-month period (December 2023 to January 2024) after the parties ended their relationship, the defendant continued to contact the plaintiff by arriving unannounced at her home, sending multiple text messages, engaging her in a lengthy conversation, and positioning himself in a parking lot to engage in another conversation.

At the extension hearing on August 16, 2024, both parties testified. The defendant testified that he was fifty-seven years old, that he was in a dating relationship with another person, that he had no reason to contact the plaintiff, and that he had no intentions of contacting the plaintiff. The plaintiff testified: the defendant exerted "power and control" over her during a five-year relationship; one year before the hearing the relationship terminated and the plaintiff asked him to "end all contact," but the defendant did not honor that request; the defendant continued to live nearby and to frequent businesses that the plaintiff also frequented; and the plaintiff continued to suffer from anxiety and depression as a result of the relationship. Given the totality of the circumstances surrounding the relationship of the parties as well as the judge's opportunity to evaluate the demeanor of the witnesses at the extension hearing, we cannot say that the judge erred by extending the order. See L.L. v. Commonwealth, 470 Mass. 169, 185 n.27 (2014) (judge's decision "is plainly not an abuse of discretion simply because a reviewing court would have reached a different result"); Iamele v. Asselin, 444 Mass. 734, 740 (2005) (when considering extension of 209A order judge may consider "the parties' demeanor in court, [and] the likelihood that the parties will encounter one another in the course of their usual

4

activities [e.g., residential or workplace proximity, attendance at the same place of worship]").

Order issued August 16, 2024, extending harassment prevention order affirmed.

By the Court (Desmond, Hand & Hodgens, JJ.[1]),

Clerk

Entered:  July 9, 2026.

---

[1] The panelists are listed in order of seniority.